**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| MERESE PROSPERE, | No. 20-72153 |
| Petitioner, | Agency No. A209-873-470 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 11, 2024
Pasadena, California

Before: SILER,** BEA, and IKUTA, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Merese Prospere, a native and citizen of Haiti, petitions for review of an order from the Board of Immigration Appeals (BIA) dismissing her appeal of a final order of removal issued by an Immigration Judge (IJ) denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition for review.

In the circumstances of this case, "[w]e review both 'the reasons explicitly identified by the BIA' and 'the reasoning articulated in the IJ's oral decision in support of those reasons.'" *Barseghyan v. Garland*, 39 F.4th 1138, 1142 (9th Cir. 2022) (quoting *Lai v. Holder*, 773 F.3d 966, 970 (9th Cir. 2014)).

Substantial evidence supports the IJ's adverse credibility determination, which was affirmed by the BIA. *Kumar v. Garland*, 18 F.4th 1148, 1153 (9th Cir. 2021); 8 U.S.C. § 1158(b)(1)(B)(iii), § 1252(b)(4)(B). The IJ's conclusion that Prospere was not credible due to inconsistencies between her testimony before the IJ and her written declaration was supported by substantial evidence. Specifically, Prospere's written declaration, which stated that her assailants "had knives, bottles, rocks and machetes with them," was inconsistent with her testimony that she was "not sure" whether her assailants had "any other weapons" besides rocks and bottles. Prospere failed to exhaust her argument that this inconsistency was due to

a translation error, because she did not make this argument before the BIA. 8 U.S.C. § 1252(d)(1). Because the government raised Prospere's failure to exhaust, we do not consider this argument. *Santos-Zacaria v. Garland*, 598 U.S. 411, 417 (2023); *Bare v. Barr*, 975 F.3d 952, 960 (9th Cir. 2020). In addition, Prospere's declaration, which stated that after the assault she "ran to [her] neighbor's house" was inconsistent with her testimony that she "yelled help, and [her] neighbors came and took [her] to the hospital." This inconsistency was not an "utterly trivial inconsistency, such as a typographical error." *Shrestha v. Holder*, 590 F.3d 1034, 1043 (9th Cir. 2010). Absent Prospere's non-credible testimony, the record evidence does not compel us to reach a conclusion contrary to the agency's determination that Prospere is ineligible for asylum and withholding of removal.

The BIA's conclusion that Prospere's testimony was "not credible," and that "the record [did] not contain independent objective evidence sufficient to meet her burden of proving eligibility" for CAT relief, is supported by substantial evidence. The country conditions evidence in the record is too general to establish a clear probability that Prospere in particular would be tortured if removed to Haiti. *See Hussain v. Rosen*, 985 F.3d 634, 649–50, 650 n.8 (9th Cir. 2021) (noting that an applicant seeking CAT relief must demonstrate a "particularized threat" of future torture, and generalized evidence of violence will not suffice).

**PETITION DENIED.**[1]

---

[1] Prospere's motion for judicial notice, Docket 28, is DENIED.